DOULTON & CO., INC. *v.* UNITED STATES (No. 5216)*

United States Court of Customs and Patent Appeals, February 2, 1967

*Barnes, Richardson & Colburn* (*E. Thomas Honey, James S. O'Kelly*, of counsel) for appellant.

*J. William Doolittle*, Acting Assistant Attorney General, *Alan S. Rosenthal, Frederick B. Abramson* for the United States.

[Oral argument November 8, 1966 by Mr. Honey and Mr. Abramson]

*C.A.D. 899.

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK**

KIRKPATRICK, Judge, delivered the opinion of the court:

█ This is an appeal from the judgment of the U.S. Customs Court, Second Division, 54 Cust. Ct. 408 (Abstract 69261), overruling the appellant's protest to the classification of certain printed advertising materials.

The importations consist of brochures and envelope enclosures or loose leaf sheets of advertising material printed in England under the direction of Doulton & Co. of England, a manufacturer of china tableware and artware products. These advertising materials are imported by Doulton & Co., Inc., New York City, a wholly owned subsidiary of Doulton & Co. of England, to foster the sale of Doulton products in the United States. Doulton of New York does not sell its merchandise directly to the consumers but functions as a distributor by selling to independent dealers throughout the United States. The imported advertising materials are either offered directly to consumers through national advertising or given or sold to dealers through whom the products of Doulton of England are marketed in this country. Although the appellant alleges that the advertising materials are designed to attract the dealer's interest in the products and thereby to attract the consumer, according to the testimony their purpose is to prompt the consumer to purchase from the dealer.

The collector classified the imports under paragraph 1410 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802. The pertinent portions of paragraph 1410 provide:

> Unbound books of all kinds, bound books of all kinds except those bound wholly or in part in leather, sheets or printed pages of books bound wholly or in part in leather, pamphlets, music in books or sheets, and printed matter, all the foregoing not specially provided for :
>    If of bona fide foreign authorship :

> \*       \*       \*       \*       \*       \*       \*

>    Other (except diaries) _____ 5% ad val.

The appellant claims that the imports are classifiable under paragraph 1629(c) of the Tariff Act of 1930, added by Public Law 85–211, 71 Stat. 486, T.D. 54463, which provides for free entry for :

> Any catalog, price list, or trade notice relating to offers, by a person whose principal place of business or bona fide residence is in a foreign country, to sell or rent products of a foreign country or to furnish foreign or international transportation or commercial insurance services.

The Customs Court denied the appellant's claim for free entry on the ground that the advertising materials do not relate to offers of

---

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

sale by the foreign exporter within the contemplation of paragraph 1629(c). Quoting from its decision in *Auto Imports, Inc.* v. *United States*, 49 Cust. Ct. 14, 18–19, C.D. 2354, the Customs Court said:

As we construe paragraph 1629(c) against the background of the International Treaty and the statement of congressional purpose, we are inclined to adhere to the dictum of the *Simon* case, *supra* [46 Cust. Ct. 118, C.D. 2243], that the advertising material must stem from persons whose principal place of business or *bona fide* residence is in a foreign country. That is to say, to be entitled to free entry, such material must relate to offers made by foreign residents directly to their potential customers in the United States. Under the circumstance that the language of the provision specifies a foreign place of business or residence, it cannot have as broad a connotation as that portion of Public Law 95–211 relating to samples of negligible value. It is not enough that the ultimate effect of the promotional material is to stimulate international trade. The plain intendment of the specific phrase concerning foreign residence is that the advertising matter must pertain directly to transactions between the foreign seller and the American purchaser. When the chain of transactions is extended by the interposition of an American buyer, to whom the trade notices are distributed by an American seller, and who, therefore, is not induced to purchase from the foreign seller, the primary purpose of the material being to bolster sales by an American importer to his domestic customers, the objectives of the statute to broaden the American contacts of the foreign producer are not achieved.

In our opinion, the advertising material here involved is not so phrased as to affect offers of sale made by a foreign resident directly to his potential customers. On the contrary, it is calculated to stimulate the business of the American dealer in Doulton-ware and only indirectly can it be said to enhance the business of the manufacturer.

The court is constrained to hold that the subject advertising material does not relate to offers of sale by the exporter within the contemplation of paragraph 1629(c), *supra*.

Before us, the appellant argues that the language of paragraph 1629(c) prescribes only two conditions for the free entry of catalogs, price lists, or trade notices: (1) the advertising material must relate to offers to sell products of a foreign country and (2) by a person whose principal place of business or bona fide residence is in a foreign country. It is the appellant's contention that the statute makes no requirement as to whom the offer to sell the foreign product must be extended and that the effect of the Customs Court's decision is to impose an additional requirement not specified in the statute, i.e., that the offers to sell must run directly from the foreign resident to the *ultimate* purchaser in the United States.

The Government contends that the decision below is correct in that: (1) the imported merchandise does not relate to *an offer* by Doulton of England or Doulton of New York *to sell* products of a foreign country and (2) in light of the legislative history, the scope of the exemption granted by paragraph 1629(c) is restricted to offers to sell made by foreign residents directly to their potential customers

in the United States. For reasons to be stated below, we find it unnecessary to consider the latter issue since we are of the view that the imported materials do not relate to offers by a foreign resident to sell or rent products of a foreign country within the meaning of the statute.

The statute clearly requires that, in order for paragraph 1629(c) to apply, the advertising materials must relate *to offers* by a foreign resident *to sell* or rent products of a foreign country. In the present case, only Doulton of England and Doulton of New York can possibly be said to be "a person whose principal place of business or bona fide residence is in a foreign country."[1] Admittedly, Doulton products are not sold directly to consumers but Doulton of New York sells to dealers who, in turn, sell to consumers. Thus, the only offer, which would bring these advertising materials within the terms of the statute, would have to be one directed to these dealers. However, the brochures themselves do not contain an offer to sell products to those dealers as the record clearly shows that the advertising materials in issue are intended to attract ultimate purchasers as opposed to dealers. The following cross-examination of Mr. Hinckley, the appellant's vice-president and the only witness in this case, is illustrative:

XQ. I show you Collective Exhibit 1, the individual items contained in that collective exhibit. Would you pick up the first one, and read what pattern it advertises? A. Rondo.

XQ. Is that folder, that piece of printed matter advertising Rondo, intended as an advertisement to possible purchasers, ultimate purchasers of Doulton China, as opposed to advertisements directed to your dealers? A. Well, yes. Ultimately the purpose is for the consumer to buy the china, otherwise there's no object to the exercise.

From the foregoing, we conclude that the imported materials do not relate to offers to sell by a foreign resident and, therefore, do not qualify for free entry under paragraph 1629(c) of the statute.

During oral argument, counsel for the appellant contended in effect that the Government's first contention constitutes a new issue not raised or considered before the Customs Court and, therefore, should not be considered by this court. The case of *United States* v. *Superwood Corp.*, 52 CCPA 57, C.A.D. 858, was cited as support. However, we find the issue to have been squarely considered by the court below as the following excerpt from its decision shows:

* * * the solicitation of this advertising material extends not to the independent dealers to whom the merchandise of the manufacturer is being sold, but to customers of the dealers. Its eventual purpose is to create consumer demand, not dealer demand. It is designed to stimulate the consumer's interest in buying, and its effect upon sales by the manufacturer must necessarily be channeled through the dealer, since no sales to the consumer are made by Doulton of New

---

[1] For the purposes of this case, we assume that Doulton of New York may be considered a foreign resident within the terms of the statute although it is not clear from the record whether Doulton of New York is a domestic or a foreign corporation.

York. We do not consider it of any great significance, in the circumstances of this case, that the importer is the subsidiary of the exporter, since the material which is disseminated does not relate to offers of sale stemming directly from the exporter or its subsidiary. * * *

The judgment of the Customs Court is *affirmed*.